IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEX KEARNS and DONNA KEARNS, individuals, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-08-905-L |
| RAVI SHUKLA, an individual, and ENDURO MOTORSPORTS, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

This matter is before the court on the Emergency Motion for Ex Parte Temporary Restraining Order **[Doc. No. 4]** filed pursuant to Fed. R. Civ. P. 65(b) by plaintiffs Alex and Donna Kearns.

Rule 65(b)(1) provides that a temporary restraining order may be granted without notice to the opposing party only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

A temporary restraining order under Rule 65(b) is an emergency remedy which may issue in exceptional circumstances only. West v. Derby Unified School District, 23 F. Supp. 2d 1220, 1221-1222 (D. Kan. 1998). A preliminary injunction under Rule 65(a) is an order issued after notice and hearing which

restrains a party pending a trial on the merits.  Id.  Both a temporary restraining order and a preliminary injunction are extraordinary and drastic remedies and should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).  In order to establish entitlement to preliminary injunctive relief, the moving party bears the burden of proving: (1) the moving party will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; **and** (4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Blango v. Thornburgh, 942 F.2d 1487, 1492-1493 (10th Cir. 1991), *citing* Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 354-55 (10th Cir. 1986) (emphasis added); Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir. 1980).  The movant's right to relief must be clear and unequivocal.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975); Wilson v. Bruce, 816 F.Supp. 679 (D.Kan. 1993).  The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable harm that will **surely** result without its issuance.  Schrier v. Univ. of Colorado, 427 F.3d 1253, 1267 (10th Cir. 2005) (emphasis added).  Speculation or unsubstantiated fear of what may happen in the future cannot provide the basis for a preliminary injunction.  Id. at 1266.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical. Irreparable harm is not harm that is merely serious or substantial. The party seeking injunctive relief must show that the injury complained of is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. It is also well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." Heideman v. S. Salt Lake City, 348 F.3d 1182, 1189 (10th Cir. 2003) (citations omitted). The Tenth Circuit has recognized that "[d]ifficulty in collecting a damage judgment may support a claim of irreparable injury." Tri-State, 805 F.2d at 355.

Keeping these authorities in mind, the court must consider whether plaintiffs have demonstrated their entitlement to the extraordinary remedy of a temporary restraining order. It appears that subsection (B) of Rule 65(b)(1) has been satisfied at this stage. In paragraph 3 of the motion, plaintiffs' attorney verifies that he has made efforts to give notice to the adverse party by hiring a private investigator in California to locate the defendants, and that plaintiff Alex Kearns traveled to California in an attempt to notify defendants. Paragraph 4 of the motion states that defendant Ravi Shukla appears to be operating under several known aliases, using several social security numbers and several dates of birth. According to the motion, "[d]efendant is a known con artist, and is likely to evade service." Motion, paragraph 4.

Turning to a consideration of whether plaintiffs' motion is sufficient under Rule 65(b)(1)(A), the court notes that plaintiffs' motion is accompanied by an affidavit of one of the plaintiffs, Alex Kearns,[1] the owner of the collector's kit car that is the subject of this action. Exhibit 1 to Motion. The affidavit states the following: (1) In May of 2008, the subject car was delivered to defendant's shop in California; (2) defendants held themselves out to be experts in the field of building custom automobiles; (3) defendants assured Alex Kearns that they could build plaintiff's automobile, and accepted delivery of certain car parts set out in the affidavit; (4) plaintiff has paid defendants approximately $40,000.00 for the work performed on the automobile; (5) defendants have sold plaintiff's car parts to other people; (6) plaintiff has received e-mails from Isaiah Rodriguez, who has purchased parts belonging to plaintiff from defendant; (7) defendants took plaintiff's money to purchase a Porsche, and promised to split the profits with plaintiff; (8) defendants have refused to refund plaintiff's money or to tender the profit on the Porsche; (9) Alex Kearns recently visited defendants' shop in California and was able to recover some, but not all of the parts in question; (10) defendants are still in possession of approximately $3,000.00 of parts belonging to plaintiff, and to plaintiff's knowledge or belief is either planning to sell them, or has already sold them; (11) defendants allege to have "reinvested" the money

---

[1] The affidavit refers to Alex Kearns as "she," however, this may be a typographical error. The affidavit appears to be substantively identical to the affidavit of plaintiff Donna Kearns, attached to the Complaint. The motion is brought on behalf of both plaintiffs, although the affidavit is signed by only one plaintiff.

plaintiff paid into their business, and refuse to refund any of plaintiff's money; (12) it is believed that defendants will attempt to secrete money and/or spend plaintiff's money in order to avoid collection; and (13) because of defendants' actions, Alex Kearns is "in immediate danger of irreparable financial harm."

    Upon review of the motion and the specific facts in the affidavit, the court concludes that plaintiffs have failed to allege any facts that demonstrate irreparable injury.  The affidavit's allegation of "irreparable financial harm" is insufficient to justify the relief requested because the harm is not actually irreparable since plaintiffs describe their harm in monetary terms.  The ability of plaintiffs to quantify and compute their monetary losses establishes that the harm they allegedly suffered is not irreparable in nature.  Injury is not irreparable if compensatory relief would be adequate.  Alex Kearns' affidavit is replete with references to money owed by defendants, profits wrongfully withheld by defendants, the monetary value of the car parts, and the danger of financial harm due to defendants' actions.  All of these items are quantifiable in terms of money.  As for the car parts that defendants allegedly wrongfully retain, plaintiffs have assigned a dollar figure to them, *i.e.*, approximately $3,000.00.  For the most part, plaintiffs' allegations involve previous injuries that have already transpired, not harm that is certain to occur in the future.  As for paragraph 12 of the affidavit which asserts that "it is believed" that defendants will attempt to secrete money and/or spend plaintiff's money in order to avoid collection, the court finds that the

evidence on this point is much too weak to allow the court to conclude that plaintiffs would have difficulty in collecting a judgment from defendants. Defendants have allegedly already refused plaintiffs' demands that defendants return their money or car parts. To the extent this harm has already occurred, it cannot be rectified with a temporary restraining order.

Because plaintiffs have failed to sustain their burden of proof of demonstrating irreparable harm, the court need not consider the other factors required before a temporary restraining order is issued. The facts supporting plaintiffs' motion, even if taken as true, do not constitute irreparable harm. Plaintiffs have not demonstrated that the right to the extraordinary relief requested is clear and unequivocal. To the contrary, plaintiffs have failed to carry the burden of proof and persuasion. For these reasons, plaintiffs' Emergency Motion for Ex Parte Temporary Restraining Order **[Doc. No. 4]** is **DENIED.** In light of the conclusions set out above, plaintiffs' request for a hearing is also denied.

It is so ordered this 5th day of September, 2008.

*Tim Leonard*
TIM LEONARD
United States District Judge